AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

**for the**
**Western District of New York**

UNITED STATES DISTRICT COURT FILED APR 9 2010 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

United States of America )
)
v. ) Case No. 10-M -1023
)
LARRY LAWSON )
)
*Defendant* )

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of March 29, 2010 in the county of Erie in the Western District of New York, the defendant violated 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 922(g)(1) , an offense described as follows:

the defendant did knowingly, intentionally and unlawfully possess with the intent to distribute a quantity of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and further, the defendant did knowingly and unlawfully possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States in violation of Title 18, United States Code, Section 924(c)(1); and further having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, unlawfully did knowingly possess, in and affecting commerce, firearms in violation of Title 18, United States Code, Section 922(g)(1).

This criminal complaint is based on these facts:

X Continued on the attached sheet.

Thomas F. Rodriguez
*Complainant's signature*

THOMAS F. RODRIGUEZ
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 9, 2010

*Judge's signature*

H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

**AFFIDAVIT**

STATE OF NEW YORK )
COUNTY OF ERIE )
CITY OF BUFFALO )

**THOMAS F. RODRIGUEZ**, being duly sworn, deposes and says :

1. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco and Firearms (hereinafter "ATF") and am presently assigned to the Buffalo New York Field Office. I have been employed as an ATF Special Agent for approximately eighteen (18) years. During my tenure, I have prepared and assisted in the execution of numerous search and arrest warrants, and have been involved in numerous criminal investigations of various violations of the Federal Firearms and Explosives laws.

2. I make this affidavit in support of a Criminal Complaint charging Larry LAWSON, further described as a B/M, DOB (04/12/1957), with violating Title 21 United States Code Section 841(a)(1) (knowing, intentional, and unlawful possession with intent to distribute a quantity of a mixture and substance containing cocaine), Title 18 United States Code Section 924(c)(1) (possession of a firearm during and in relation to a drug trafficking offense), and Title 18 U.S.C. Section 922(g)(1) (convicted felon in possession of a firearm). This information is

based upon a review of the Buffalo Police Department's Officers arrest/booking report dated March 29, 2010, and/or discussions with law enforcement officers concerning the arrest of Larry LAWSON on March 29, 2010, in the city of Buffalo, New York.

3. On March 29, 2010, officers of the Buffalo Police Department were following up on a call of possible illegal drug trafficking activity at 335 Summer Street Apartment 807, a location known to the officers as a high crime and illegal drug activity area on the West Side of Buffalo, New York. Upon arriving at 335 Summer Street, Buffalo, New York, the officers knocked on the door of Apt. 807. While waiting for someone to answer the door, the officers heard shouting coming from inside Apt. 806, directly across the hall from Apt. 807. The officers were able to discern that the shouting involved a dispute over a drug deal.

4. The officers then knocked on the door of Apt. 806. The door was subsequently answered by an individual who, upon being asked, identified himself as Larry LAWSON. The officers explained to LAWSON that they were responding to a call of illegal drug activity and loud noise in the apartment complex. LAWSON stated that he lived in Apt. 806 and allowed the officers into his apartment. Upon being asked, LAWSON twice gave verbal consent and then gave written consent to the officers to search his apartment.

5. The officers then conducted a search of LAWSON's apartment and saw, in plain view, in the living room of the apartment, a scale that they recognized from their training and experience as a scale commonly used by drug traffickers to measure out quantities of cocaine and other illegal drugs. The officers noticed what they recognized as cocaine residue on the scale. Next to the scale the officers saw what they recognized to be marijuana contained in a plastic bag.

6. As the officers searched LAWSON's bedroom, on top of the dresser, they found a pill bottle which contained, what the officers recognized from their training and experience, cocaine in powder form. Also from the same bedroom, under the bed, the officers recovered an Intratec, model AB10, 9mm semi automatic pistol, serial number A050229, loaded with five rounds of 9mm ammunition.

7. A subsequent test firing of this firearm by the Firearms Examiner at the Erie County Central Police Services Laboratory revealed that this firearm does not function as designed due to a broken firing pin. The cocaine recovered from LAWSON's apartment was submitted to the Erie County Central Police Services Laboratory where it tested positive for the presence of cocaine.

8. After being placed under arrest and after being read his Miranda warnings, LAWSON spontaneously stated to the officers "Honest officer, that gun ain't mine." When asked who the gun belonged to, LAWSON replied, "I don't know it was here when I moved in." The officer then asked why he didn't turn the gun in and LAWSON replied "I don't know, I thought about it. Then I thought I would sell it." LAWSON then spontaneously stated, "That is not mine, if I had something to hide, I wouldn't have let them in to look around."

9. Another officer then asked LAWSON if he knew the gun was in the apartment and LAWSON replied, "Yeah, I told your boss I was going to sell it." LAWSON was then asked where he was he was going to sell the gun and he replied, "I know some guys that buy guns and sell dope." The officer then asked LAWSON if he was going to sell the cocaine and LAWSON replied, "The cocaine is all mine. I am a user."

10. Upon being provided with a description of the firearm, one Intratec model AB10, 9mm semi automatic pistol, serial number AO50229, ATF Interstate Nexus Officer Francis Christiano was able to determine that this firearm was manufactured in the state of Florida. Thus, this firearm traveled in and affected interstate commerce.

11. A check of LAWSON'S Computerized Criminal History (CCH) reveals that on May 8, 1987, Larry LAWSON was convicted upon a plea of guilty of Attempted Criminal Sale of a Controlled Substance 3rd degree, a class C Felony. As a result of this Felony conviction, LAWSON was sentenced to a term of five years probation.

**WHEREFORE** probable cause exists to believe that LARRY LAWSON has violated Title 21 United States Code, Section 841(a)(1), by knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of a mixture and substance containing cocaine, Title 18 United States Code, Section 924(c)(1), by possessing a firearm during and in relation to a drug trafficking crime, and Title 18 United States Code Section 922(g)(1) as a convicted felon in possession of a firearm.

THOMAS F. RODRIGUEZ

Sworn to and subscribed before me on
this 9th day of April, 2010.

H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE